974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
M.C. STURGIS; Dennis Madigan; Dennis Madigan; James K.
Pruett; Tom Bernsen, Joe Ward, Joe Roth, Wes Young, Joe
Standley, Stephen P. Lyons, Dave McEuen, Tom Mills, Glenn
Bustrum, Nick Lee, Mike Newington, Charles Krebs, Bob
Hancock, Richard Hoertig, Trustees, California Ironworkers
Field Pension Trust, C.W. Lansford, Dennis Madigan, James K.
Pruett, M.C. Sturgis, Joe Ward, Joe Roth, Wes Young, Joe
Standley, Tom Bernsen, Stephen P. Lyons, Dave McEuen, Tom
Mills, Glenn Bustrum, Nick Lee, Mike Newington, Charles
Krebs, Bob Hancock, Richard Hoertig, Trustees, California
Ironworkers Field Welfare Plan, Joe Ward, Richard Zampa,
Mike Newington, Tom Mills, Charles Krebs, Glenn Bustrum,
Richard Hoertig, Nick Lee, Wes Young, Stephen P. Lyons,
Dennis Madigan, Dave McEuen, Joe Roth, M.C. Sturgis, C.W.
Lansford, Tom Bernsen, Trustees, California Ironworkers
Field Vacation Trust Fund, Joe Roth, Dennis Madigan, Joe
Ward, Wes Young, Jim Pruett, M.C. Sturgis, C.W. Lansford,
Richard Hoertig, Nick Lee, Dave McEuen, Tom Mills, Trustees,
California Field Ironworkers Annuity Trust Fund, Plaintiffs-Appellees,
v.
COLUMBIA STEEL FABRICATORS, INC., Defendant-Appellant.
 No. 90-55584.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 16, 1991.
Decided Sept. 4, 1992.
 
 Appeal from United States District Court Central District of California, No. CV-88-7761-JGD; John G. Davies, District Judge Presiding.
 C.D.Cal.
 AFFIRMED.
 Before PREGERSON, BRUNETTI and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellee California Field Ironworkers Trust Funds ("Trust Funds") brought suit under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA") to collect contributions allegedly owed to the Trust Funds by appellant Columbia Steel Fabricators, Inc., ("Columbia") and liquidated damages. A jury found in favor of the Trust Funds. The district court denied Columbia's motion for judgment notwithstanding the verdict ("JNOV") and Columbia appeals. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 I.
 
 3
 Columbia is a Washington State corporation engaged in the fabrication of steel. In 1987 Columbia contracted to fabricate and erect steel for the Merced Civic Center in Merced, California. Columbia subcontracted the erection of the steel to Melvin Lee ("Lee"). Columbia qualified for a California contractor's license through the appearance of Lee as Columbia's Responsible Managing Employee ("RME"). The parties agree that Lee is not an officer of Columbia.
 
 
 4
 On July 14, 1987, Lee signed two documents labeled "Contributing Employers Agreement." These documents obligate the employer to make contributions to certain trust funds in accordance with the terms of agreements specified in the documents. On the CEA, the following is printed:
 
 Columbia Steel Fabricators
 
 5
 (Name of Employer)
 
 
 6
 by /s/ Melvin E. Lee
 
 
 7
 (Officer signing)
 
 
 8
 R.M.E.
 
 
 9
 (Give title of Officer)
 
 
 10
 The IIA is similar except that the word "Officer" is replaced with "Authorized Employer Representative."
 
 
 11
 Rodney Oelke, the General Manager of Columbia, was present when Lee signed the agreements. The union representative and signatory to the agreement believed that Lee was an officer of Columbia and had the authority to bind Columbia. Columbia made contributions to the Trust Funds pursuant to these agreements from July, 1987, through June, 1988. In November, 1987, Columbia and Lee entered into agreements which obligated Columbia to make payments to the Trust Funds. Columbia ceased making contributions to the Trust Funds in June, 1988. The parties agree that payments from June, 1988 through November 5, 1988, are owed to the Trust Funds.
 
 
 12
 On December 22, 1988, the Trust Funds filed suit against Columbia under ERISA and the LMRA alleging that Columbia failed to make timely and full payment of contributions as required under the agreements signed by Lee. In its answer to the complaint, Columbia alleged that Lee had no authority to sign the agreements and that the Trust Funds should have known that Lee lacked such authority. The primary issues at trial were whether Lee was authorized to act as an agent of Columbia when it signed the agreements or, if not authorized, whether Columbia subsequently ratified the agreements.
 
 
 13
 Prior to the start of trial, the parties submitted proposed jury instructions to the court. On the question of authorization the Trust Funds proposed an instruction which would permit the jury to find that Columbia orally authorized Lee's action. On the same issue Columbia proposed an instruction which required written authorization to sign a contract which must be in writing. On the question of ratification the Trust Funds proposed an instruction which would permit the jury to find ratification if Columbia voluntarily accepted the benefits of the agreements. Columbia's proposed instruction would allow a finding of ratification of an agreement which must be in writing only when the ratification is in writing. Each party stated written objections to the proposed instructions of the other.[1]
 
 
 14
 After the first day of trial, counsel for both parties met in the district judge's chambers to discuss the jury instructions. Counsel stated that they had been unable to agree on the authorization and ratification instructions and the reasons for their objections were stated in the proposed instructions. Appellant's Opening Brief, appendix at 2.[2] The district judge announced that he would give both sets of instructions to the jury. Id. In court, the following day and prior to the jurors' entrance, the district judge stated, "the record should reflect that Counsel and Court met in chambers to discuss a set of instructions, and they have been settled essentially. My question is, does either Counsel have any objections to any of the instructions?" Counsel for Columbia answered, "Counsel for defense accepts the instruction, your honor."
 
 
 15
 The jury returned a verdict for the Trust Funds and awarded $133,000 in unpaid contributions and $27,664 in liquidated damages. The district court subsequently denied Columbia's JNOV motion. Columbia filed a timely appeal.
 
 II.
 
 16
 A. Denial of JNOV motion.
 
 
 17
 Denial of a JNOV motion is inappropriate when it is clear that the evidence and its inferences cannot reasonably support a judgment in favor of the opposing party. Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1014 (9th Cir.1985), cert. denied, 474 U.S. 1059 (1986).
 
 
 18
 The parties agree that the California law of agency controls the issues in dispute. Under California law, authorization to enter into agreements on behalf of a principal, or ratification of unauthorized agreements, must be in writing when the agreements entered into must be in writing. Cal.Civil Code §§ 2309, 2310 (West 1985). Under LMRA § 302(c)(5)(B), the agreements at issue here must be in writing. 29 U.S.C. § 186(c)(5)(B); Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Serv., Inc., 870 F.2d 1148, 1153-54 (7th Cir.1989) (en banc); Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc., 823 F.2d 289, 294 (9th Cir.1987).
 
 
 19
 Columbia argues that it made no written authorization or ratification of the agreements and cannot, therefore, be bound by Lee's signing of the agreements. We believe there is substantial evidence of written ratification of Lee's agency by Columbia. For twelve months after Lee signed the agreements in question, Columbia paid the benefits required by the agreements to the Trust Funds. Columbia argues that these payments were made pursuant to the separate agreements between Columbia and Lee. These agreements, however, were not entered into until November 1987. Even if the payments made after these agreements were signed were pursuant solely to the Lee-Columbia agreements, this does not explain the payments made by Columbia from July, 1987, through October, 1987. Columbia concedes that these checks were signed by a Columbia employee authorized by its board of directors to make such payments. We find that the evidence of payments from Columbia to the Trust Funds was sufficient for the jury to conclude that Columbia ratified the agreements signed by Lee.
 
 
 20
 B. Preservation of Challenge to Jury Instructions
 
 
 21
 The Trust Funds argue that Columbia's failure to renew its objection to the jury instructions amounts to a waiver of the objection. The general rule in this circuit is that a jury instruction may not be challenged on appeal by a party who did not object to it prior to jury deliberations. Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 890-91 (9th Cir.1991), Lifshitz v. Walter Drake & Sons, Inc., 806 F.2d 1426, 1430 (9th Cir.1986), Fed.R.Civ.P. 51. We will consider a challenge, however, "in spite of an explicit failure to object provided that the party's previous conduct had made its opposition clear to the court and it is obvious that further objection would be unavailing." Lifshitz, 806 F.2d at 1430-31. See also Brown v. AVEMCO Investment Corp., 603 F.2d 1367, 1370 (9th Cir.1979).
 
 
 22
 Here, at the time each party submitted its proposed jury instructions to the court, Columbia made clear written objections to the Trust Funds proposed instructions. In a conference with the district judge, Columbia's counsel again expressed its disapproval of the Trust Funds proposed instructions. The district judge announced at that time that he would read both instructions. The district judge, like the court in Brown, supra, "was fully aware" of Columbia's opposition to the jury instructions. See Brown, 603 F.2d at 1371. As in Brown, to require Columbia to again express its objection to the judge in court would "require a pointless formality. To preclude review of the court's instruction on this basis would exalt form over substance with injustice" to Columbia. Id. We find Columbia preserved its objection for our review.
 
 C. Jury Instructions
 
 23
 We review the district court's formulation of jury instructions for abuse of discretion. United States v. Beltran-Rios, 878 F.2d 1208, 1214 (9th Cir.1989). We determine "whether, considering the charge as a whole, the court's instructions fairly and adequately covered the issues presented, correctly stated the law, and were not misleading." Thorsted v. Kelly, 858 F.2d 571, 573 (9th Cir.1988).
 
 
 24
 The court instructed the jury, in pertinent part as follows:
 
 
 25
 Authority may be given to an agent expressly, either orally, or by writing or impliedly by conduct of the principal indicating his intention to confer it, or causing the agent to believe that he posses [sic] it.... An oral authorization is sufficient for any purpose except that an authority to enter into a contract required by law to be in writing, can only be given by an instruction in writing.
 
 
 26
 ....
 
 
 27
 The usual conduct which will establish ratification is voluntary acceptance of the benefits of the transaction by the principal.
 
 
 28
 A ratification can be made only in the manner that would have been necessary to confer an original authority for the act to [be] ratified, or where an oral authorization would suffice by accepting or retaining the benefit of the act with notice thereof.
 
 
 29
 Although these instructions accurately reflect California Civil Code sections 2310-09, they are at least misleading because the jury could interpret them to permit a finding that Columbia could orally either authorize Lee's actions or subsequently ratify them.
 
 
 30
 Because we find the jury was presented clear evidence of written ratification by Columbia of Lee's actions, the error in instructing the jury does not require reversal because it was more probable than not harmless. Sanchez v. City of Santa Ana, 915 F.2d 424, 432 (9th Cir.1990), cert. denied, --- U.S. ---- S.Ct. 66 (1991). Written ratification evidence was presented to the jury consisting of Columbia submitting to Trust Funds written employer reporting forms and benefit checks for the period July 1987 through June 1988. Exhibit 15 (forms), Exhibit (checks from Columbia for trust fund benefits). Also see Pretrial Order, page 5; VII issues to be litigated 3 (monthly reports) and, 4 (checks). After the agreements were executed Columbia made these written reports and payments to the trust for one year without objection. Any error on the part of the court in instructing the jury was more probable than not harmless.
 
 
 31
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Columbia objected to the Trust Funds proposed authorization on the grounds that
 it implies latitude not conferred by the actual language of the Civil Code Sections. In addition, the authority conferred upon an employee by a corporation cannot be as broad, because the corporation's board of directors must authorize or ratify act outside the ordinary course of employment.
 Columbia stated similar grounds for objecting to the Trust Funds proposed ratification instruction.
 
 
 [2]
 We rely on the declaration of Columbia's counsel attached to Columbia's opening brief. At oral argument, counsel for the Trust Funds stated it agreed with the facts stated in the declaration